## Albarano v. Penn State Construction, Inc.

*Ambrose Campana,* for plaintiffs.
*Andre Delgalvis,* for garnishee.

GREEVY, *P.J.,* November 28, 1977—This matter is before the court for a determination of whether or not accrued interest is due and owing to plaintiffs, John J. and Rita A. Albarano, on moneys withheld by the Housing Authority of the County of Lycoming, garnishee, under a contract of construction between the garnishee and Penn State Construction, Inc., defendant. The material facts are these.

On or about August 15, 1972, the Housing Authority of the County of Lycoming (Housing Authority) and Penn State Construction, Inc., entered into a contract of sale for property consisting of improvements and land situate in the Borough of Montgomery, Lycoming County, known as Project No. Pa-21-5. Pursuant to said contract, defendant provided the Housing Authority with an unconditional irrevocable letter of credit, as assurance to indemnify the Housing Authority for any loss,

damage or expense due to defects or damage. On October 10, 1974, the Housing Authority received a letter from its architect indicating that certain defects existed in Pa-21-5 and that repair thereof could result in a work and material cost expenditure of at least $21,000.

A letter from Penn State Construction, Inc., dated October 10, 1974, was received by the solicitor for the Housing Authority requesting conversion of the letter of credit into cash. Said letter also stated: "It is our understanding that this money will be held in trust in a bank other than Commonwealth Bank and Trust Company and upon completion of all maintenance items, this fund will be returned to Penn State Construction, Inc." On October 11, 1974, the chairman of the Housing Authority converted the letter into cash in the amount of $19,200. Said funds were placed by the Housing Authority in an interest bearing account rather than in a trustee account.

On October 17, 1974, plaintiffs, John J. and Rita A. Albarano, filed a writ of execution against Penn State Construction, Inc., naming the Housing Authority as garnishee in the amount of $19,200. The deficiencies complained of were finally cured by defendant more than two years later and settlement was arranged. Plaintiffs then raised the issue of interest on the withheld moneys. Prior to settlement, on October 6, 1977, plaintiffs entered a judgment against the Housing Authority for $21,624.75.

Certain established principles of law provide guidance in determining the instant issue. The Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §5-103-(1)(a), defines a letter of credit as "an engagement by a bank or other person

made at the request of a customer and of a kind within the scope of [Article 5] that the issuer will honor drafts or other demands for payment upon compliance with the conditions specified in the credit." The UCC further provides, at section 5-106(2), that: "Unless otherwise agreed once an irrevocable credit is established as regards the customer it can be modified or revoked only with the consent of the customer and once it is established as regards the beneficiary it can be modified or revoked only with his consent."

Cases construing the effect to be given a letter of credit have held that a construction that will make the letter valid and enforceable will be preferred to one that will defeat it: West Virginia Housing Development Fund v. Sroka, 415 F. Supp. 1107 (W.D. Pa. 1976); that a letter of credit transaction is entirely separate from the underlying contract between the bank's customer and his business associate: Chase Manhattan Bank v. Equibank, 550 F. 2d 882 (3d Cir. 1977); and that under the UCC, there is a strong presumption that the holder of a draft drawn under an irrevocable letter of credit is the owner of the draft and is entitled to the proceeds thereof, as long as there is compliance with the terms of the letter of credit: Lantz Inter. Corp. v. Industria Termotecnica Campana, 358 F. Supp. 510 (E.D. Pa. 1973).

The letter of October 12, 1973, from the Commonwealth Bank and Trust Company to the Housing Authority of Lycoming County was clearly an unconditional irrevocable letter of credit in the aggregate amount of $19,200 in favor of the Housing Authority. Absent any evidence to rebut the presumption, the Housing Authority is the owner of the letter of credit and its consent is necessary to

any modification or revocation of the letter. Therefore, any proceeds flowing from the letter of credit belong to its holder, and accordingly we enter the following

## ORDER

And now, November 28, 1977, the rule to show cause previously issued in the above-captioned action is made absolute, and it is hereby ordered and decreed that the interest accruing on the letter of credit from October 11, 1974, to this date belongs to the Housing Authority of Lycoming County, garnishee.